UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CLIFTON A. CAREY, | Case No. 2:22-cv-00012-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| REYES; CAMPOS; VELIZ, | |
| Defendants. | |

AIKEN, District Judge.

Plaintiff, an adult in the custody of the Oregon Department of Corrections (ODOC), filed suit pursuant to 42 U.S.C. § 1983 and alleged violations of his rights under the Eighth Amendment. Defendants now move for summary judgment on grounds that plaintiff failed to exhaust his administrative remedies before filing suit. For the reasons set forth below, defendants' motion is granted.

1   - OPINION AND ORDER

DISCUSSION

Plaintiff alleges that the named defendants refused to provide him evening meals for two weeks as "punishment" for his behavior. Compl. at 3 (ECF No. 2). Defendants argue that plaintiff failed to exhaust the ODOC grievance process before he filed the Complaint in this action, and his claims are barred from federal review.

To prevail on their motion for summary judgment, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."). The Court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

Under the Prison Litigation Reform Act (PLRA), inmates must exhaust all available administrative remedies before filing a federal action to redress prison conditions or incidents. *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The exhaustion requirement is mandatory and requires compliance with both procedural and substantive elements of the prison administrative process. *Woodford v. Ngo,* 548 U.S. 81, 85, 91 (2006) (stating that the PLRA exhaustion requirement requires "proper" exhaustion and compliance with "with an agency's deadlines and other critical procedural rules"); *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (per curiam). Inmates must exhaust available

administrative remedies before filing a § 1983 action, including appealing grievance decisions to the highest level. *Jackson v. Fong*, 870 F.3d 928, 933 (9th Cir. 2017).

If the defendant shows that the inmate did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172; *see also Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (explaining that the PLRA does not require exhaustion when administrative remedies are "effectively unavailable"); *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005) (stating that an administrative remedy must be available "as a practical matter").

ODOC employs a three-step grievance and appeal process to address complaints about the misapplication of ODOC rules, unprofessional conduct, inadequate medical care, sexual abuse or harassment, or the use of excessive force. *See* Or. Admin. R. 291-109-0210(3). Generally, the inmate must file a grievance within fourteen days of the alleged condition or incident. *Id.* 291-109-0205(1). If the grievance is accepted, a response will be provided within thirty-five calendar days, "unless further review is necessary." *Id.* 291-109-0205(2). The inmate may appeal an unsatisfactory response to the grievance within fourteen calendar days of the response. *Id.* 291-109-0205(3). If an inmate's first appeal is denied, the inmate may file a second and final appeal within fourteen days of the denial. *Id.* 291-109-0205(5).

On December 8, 2021, plaintiff submitted Grievance TRCI-2022-01-023 and complained that in August 2021, correctional officers at Two Rivers Correctional Institution (TRCI) denied him evening meals as punishment. Eynon Decl. Att. 6 at 2. Plaintiff was housed at Snake River Correctional Institutional (SRCI) at the time he submitted his grievance. *Id.* Att. 1. On December 22, 2021, the SRCI grievance office received plaintiff's grievance and forwarded it to TRCI. *Id.*

Att. 6 at 2. On January 7, 2022, the TRCI grievance office received and accepted Grievance TRCI-2022-01-023, because plaintiff apparently provided an explanation for filing the grievance beyond the fourteen-day deadline. *Id.*; Defs.' Mot. for Summ. J. at 6. On January 27, 2022a response to Grievance TRCI-2022-01-023 was sent to plaintiff. Eynon Decl. Att. 6 at 7.

Plaintiff filed his Complaint on December 30, 2021, twenty-two days after he submitted Grievance TRCI-2022-01-023 and several weeks before TRCI officials were required to provide a response. *See* Compl., Certificate of Service. Under the PLRA, inmates must exhaust all available administrative remedies before filing suit, and plaintiff did not do so. *See Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005) (explaining that "a district court must dismiss a case without prejudice 'when there is no *presuit* exhaustion'") (citation omitted). Further, given that TRCI officials accepted and responded to plaintiff's grievance, he fails to show that the grievance process was unavailable to him.

Accordingly, plaintiff failed to exhaust available administrative remedies, and federal review of his claims is barred by the PLRA.

## CONCLUSION

For the reasons explained above, defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED and this action is DISMISSED, without prejudice.

IT IS SO ORDERED.

DATED this  14th   day of September, 2022.

 /s/Ann Aiken 
Ann Aiken
United States District Judge